UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

JUAN MENA, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

PHASE 3 INTERIORS LLC, and
GENCI SELA, individually, and
MARCELLO SAQUIPULLA, individually,

Defendants.

---------------------------------------------------------------X

**COMPLAINT**

**Docket No.:** 1:26-cv-1547

Jury Trial Demanded

JUAN MENA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PHASE 3 INTERIORS LLC ("PHASE 3"), and GENCI SELA, individually, and MARCELLO SAQUIPULLA, individually, (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF CASE

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (iv) the NYLL's

requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a New York limited liability company that operates a construction and carpentry business, its owner and general overseer, and its day-to-day manager - - as a carpenter, in Manhattan, from early-January 2022 through January 2025. As described below, throughout his employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendants scheduled Plaintiff to work, and Plaintiff did work, forty-five hours and forty minutes each workweek, or virtually each week. Yet in exchange, Defendants paid Plaintiff a flat weekly salary for his scheduled hours that did not include overtime premiums at the rate of one and one-half times his regular rate for his scheduled hours worked over forty in a week. Moreover, Defendants frequently required Plaintiff to work unscheduled hours in addition to his regular schedule, and for those unscheduled hours, while Defendants paid Plaintiff at an hourly rate greater than his regular rate, that rate did not amount to what should have been his overtime rate.

3. Further, Defendants failed to provide Plaintiff with any wage notice at the time of his hire or with any wage statement on each payday, let alone an accurate notice or statement, in violation of Sections 195(1) and 195(3) of the NYLL, respectively.

4. Defendants have paid and treated all of their non-managerial laborers in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period

who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, in that Plaintiff performed substantially all of his work for Defendants in this District.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Defendant Phase 3 was and is a New York limited liability company with its principal place of business located at 1201 Broadway, Suite 708, New York, New York 10001, and which is registered with the New York State Department of State to receive service of process at that same address.

10. At all relevant times herein, Defendant Sela was and is the owner of Defendant Phase 3 who generally oversees the business, including all personnel-related matters, while Defendant Saquipulla was and is its day-to-day manager who assists Sela with those matters. To that end, Sela and Saquipulla are together responsible for hiring and firing employees, setting employees' schedules and determining their work responsibilities, determining employees' rates

and methods of pay and hours worked, paying employees, and maintaining employment records for all employees, including those matters with respect to Plaintiff and FLSA Plaintiffs.

11. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendant Phase 3's qualifying annual business has exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, and have bought and used materials, such as machinery, tools, fixtures, and other construction equipment and supplies from vendors in states other than New York that they then use in their New York operations. They also accept cash as a form of payment that has naturally moved across state lines, as well as credit cards based on cardholder agreements with out-of-state banking institutions. The combination of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

**COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendants as laborers, including carpenters, construction workers, and other similar positions, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. At all relevant times herein, Defendants have treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs have: (1) performed similar tasks, as

described in the "Background Facts" section below; (2) been subject to the same laws and regulations; (3) been paid in the same or similar manner; (4) been required to work in excess of forty hours in a workweek; and (5) not been paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times herein, Defendants are and have been aware of the requirement to pay their non-managerial laborer employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Defendants intentionally failed to post Miscellaneous Industry Minimum Wage Poster LS207 as the law requires to keep their workers from learning about the wages they are entitled to receive under the FLSA and the NYLL.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully failing to pay them overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16. Defendant Phase 3 is a New York limited liability company that operates a construction and carpentry business in Manhattan.

17. As detailed above, Defendant Sela owns the business, and with his oversight and subject to his ultimate approval, Defendant Saquipulla assists him in making all significant personnel-related decisions for all of its employees. Indeed, to that end, Saquipulla, with Sela's approval, hired Plaintiff, set Plaintiff's hours, and communicated Plaintiff's work instructions to him, while Sela set Plaintiff's rate of pay, paid him, and maintained or should have maintained Plaintiff's employment records.

18. Plaintiff worked for Defendants from early-January 2022 through January 2025 as a carpenter. In this role, Plaintiff's primary duties consisted of painting, as well as building and repairing drywalls, all at Defendants' clients' worksites in Manhattan.

19. Throughout his employment, Defendants scheduled Plaintiff to work, and Plaintiff did generally work, Monday through Friday, from 7:00 a.m. to 3:30 p.m., with a forty-minute break during each shift, and then on Saturday from 7:00 a.m. to 2:00 p.m., with a thirty-minute break during that shift, for a total of forty-five hours and forty minutes of scheduled work in a week. In addition to those regularly-scheduled hours, Defendants routinely required Plaintiff to work unscheduled hours, sometimes until as late as 8:00 p.m., two to four times a week, sometimes bringing his total hours worked up to as many as sixty in a week.

20. In exchange, throughout his employment, Defendants paid Plaintiff a flat weekly salary of $1,200.00 for his first forty-five hours and forty minutes of scheduled work, which did not include an overtime premium at the rate of one and one-half times his regular rate for the scheduled five hours and forty minutes that Plaintiff worked in excess of forty in a week. Also, Defendants paid Plaintiff $35.00 per hour for the unscheduled hours that Plaintiff worked beyond his regular schedule of forty-five hours and forty minutes which, while greater than his regular rate of $26.28, did not amount to what should have been his overtime rate of $39.42.

21. By way of example only, during the week of December 9 through December 15, 2024, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, with one forty-minute break during each shift on Monday through Friday, and one thirty-minute break during his shift on Saturday:

Monday, December 9, 2024: 7:00 a.m. until 3:30 p.m.;

Tuesday, December 10, 2024: 7:00 a.m. until 3:30 p.m.;

Wednesday, December 11, 2024: 7:00 a.m. until 3:30 p.m.;

Thursday, December 12, 2024: 7:00 a.m. until 3:30 p.m.;

Friday, December 13, 2024: 7:00 a.m. until 3:30 p.m.;

Saturday, December 14, 2024: 7:00 a.m. until 2:00 p.m.; and

Sunday, December 15, 2024: off.

Accordingly, Plaintiff worked a total of forty-five hours and forty minutes during this week. In exchange for his work this week, Defendants paid Plaintiff his flat weekly salary of $1,200.00. Defendants did not pay Plaintiff an overtime premium of one and one-half times his regular rate for the five hours and forty minutes that he worked in excess of forty during this week.

22. Defendants failed to provide Plaintiff with any wage notice at the time of his hire, let alone a notice that accurately contained, *inter alia*: Plaintiff's rate of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

23. Throughout his employment, Defendants paid Plaintiff in cash on a weekly basis.

24. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone a statement that accurately listed, *inter alia*, Plaintiff's regular and overtime rates of pay or his total hours worked for that week. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

25. Defendants have acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

26. Defendants have treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

27. Each hour that Plaintiff and FLSA Plaintiffs have worked has been for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

28. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

30. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

31. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the FLSA's overtime provisions.

32. Defendants have willfully violated the FLSA.

33. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

34. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Unpaid Overtime Under the NYLL and the NYCRR*

35. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

37. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL and the NYCRR.

38. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

39. Plaintiff and any FLSA Plaintiff who opts into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

40. Plaintiff and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

41. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. NYLL § 195(1) requires that employers provide employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

43. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL.

44. As also described above, Defendants, at the time of hire, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action with any wage notice, let alone a notice that accurately contained all of the criteria that the NYLL requires.

45. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

46. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

48. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL.

49. As also described above, Defendants, on each payday, have failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action with any wage statement, let alone a statement that accurately contains all of the criteria that the NYLL requires.

50. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

51. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i. Awarding pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
February 24, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: ______________________________
MICHAEL J. BORRELLI, ESQ. (MB 8533)
ALEXANDER T. COLEMAN, ESQ. (AC 1717)
RYAN S. RIGER, ESQ. (6176655)